IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Action No. 10-cr-00215-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LEONID SHIFRIN,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Motion to Quash [Docket No. 215] filed by defendant Leonid Shifrin and the Motion to Quash [Docket No. 218] filed by non-party Sofia Shifrin.

Defendant pled guilty to one count of violating 26 U.S.C. § 7206(1). On September 20, 2012, the Court sentenced defendant to 18 months imprisonment and one year of supervised release. Docket No. 167 at 3. On January 24, 2013, the Court entered an Amended Judgment, ordering defendant to pay $873,340.00 in restitution. Docket No. 197 at 5. As a condition of his supervision, defendant, among other things, was prevented from engaging in any business activity without approval from his probation officer. Docket No. 197 at 4.

On February 12, 2015, defendant's probation officer filed a Petition for Issuance of Summons Due to Violations of Supervised Release (the "petition") [Docket No. 198], averring that, from April through December 2014, "defendant engaged in business

activity associated with Movers Connection Inc. without permission from the probation officer." Docket No. 198 at 4.  The petition states that defendant responded to emails and phone calls on behalf of Movers Connection Inc. ("Movers"), that various individuals stated that defendant "was in charge of Movers," and that defendant withdrew cash from Movers' bank accounts.  *Id.* at 4-6.  The petition also states that investigators downloaded text messages from the phone of Movers' employee Michael Dupree and that those text messages were sent "from the defendant's cellular phone number (303-521-0666)" and discussed "staffing issues, moves, payments, passwords, accounts, trucks etc . . . ." *Id.* at 6.  When questioned about his involvement with Movers, defendant stated that his dealings with movers were "limited," but also that Movers employees frequently contact him.  *Id.* at 7.

The government states that the Financial Litigation Unit of the United States Attorney's Office ("FLU") for the District of Colorado is conducting an investigation into defendant's finances to "identify assets to garnish or execute to satisfy the restitution judgment."  Docket No. 217 at 2.  On May 28, 2015, the government served on T-Mobile's registered agent a subpoena (the "subpoena") for records relative to transactions involving telephone number (303) 521-0666.  Docket No. 215-1 at 1, 4.  The subpoena seeks two categories of information:

> 1. All records reflecting customer's applications for service, installation date of service, credit file or credit data obtained from the customer and location of any additional service for [the number.]
>
> 2. All records reflecting the identification of all toll calls and/or text messages made from the number identified above or received by and/or charged to these accounts for the billing period January, 2014 to present.  This identification [is] to include the names and addresses of the subscribers to all toll calls.

2

*Id.* at 4.  The government contends that, due to the information contained in the petition, defendant "may have an ownership interest in . . . Movers" and that toll records from the subject phone number "will shed light into the extent of his involvement in that company."  Docket No. 217 at 2.

On June 11, 2015, defendant filed a motion to quash the subpoena, arguing primarily that the information sought exceeds the scope of the discovery permitted by 28 U.S.C. § 3015.  Docket No. 215 at 2.  On June 24, 2015, Sofia Shifrin filed a pro se motion to quash the subpoena, arguing that she is the owner and account holder of the phone number 303-521-0666 and that the subpoena violates her privacy.  Docket No. 218.

"The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.  [A] judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . ." 18 U.S.C. § 3613(a); *see also* § 3613(f) ("all provisions of this section are available to the United States for the enforcement of an order of restitution"); *Holman v. United States*, 505 F.3d 1060, 1065 (10th Cir. 2007) ("'property' and 'rights to property' may include not only property and rights to property owned by the taxpayer but also property held by a third party if it is determined that the third party is holding the property as a nominee . . . of the delinquent taxpayer" (quotations omitted)).  In attempting to enforce a restitution order, the government may "have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt."  28 U.S.C. § 3015(a).  Federal Rule of Civil Procedure 69(a)(2) provides

that, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Rule 26(b)(1) provides that a party may obtain discovery which "appears reasonably calculated to lead to the discovery of admissible evidence."

The Court turns to defendant's motion to quash. Defendant's position is that the subpoena is not authorized by 28 U.S.C. § 3015 because the information the government seeks does not relate to his financial condition. Docket No. 215 at 2. As to the first category of information the subpoena requests, the government argues that defendant's application for service may yield credit card data and other useful information relevant to his financial condition. Docket No. 217 at 4. As to the second category of information the subpoena requests, the government argues that the texts and phone calls defendant sent and received via the 303-521-0666 number "will be particularly useful to show the nature and extent of his communications with employees of Movers Connection." *Id.* at 4. The government contends that such information is relevant to determining whether Movers is held by defendant or one of his nominees. *Id.* (citing *Holman*, 505 F.3d at 1065).

The Court agrees with the government. The petition indicates that defendant communicated with Movers' customers and employees and directed individuals to make cash withdrawals from Movers' bank accounts. Docket No. 198 at 4-5. The petition alleges that defendant used the 303-521-0666 number to direct Movers' operations. *Id.* at 6. Thus, the government has reason to believe that the 303-521-0666 number is associated with the defendant and that he is using the number to conduct Movers'

operations. Information identifying toll calls and text messages made from or received by that number, including the names and addresses of the subscribers to such calls, appears reasonably calculated to produce information as to the degree of control defendant exercised over Movers, which in turn may be relevant to determining whether defendant or his nominee maintains a financial interest in Movers. *See* 18 U.S.C. § 3613(a). Defendant's motion is therefore denied.

The Court turns to Ms. Shifrin's motion to quash. Ms. Shifrin argues that, because she is the owner and account holder of 303-521-0666 and because that number is "only used by Leo Shifrin on a limited basis," the subpoena violates her privacy. Docket No. 218 at 1. Ms. Shifrin argues that Mr. Dupree testified that defendant is "NOT involved in any daily operations of the company and that I'm the owner of the company" and that Mr. Dupree's statements in the petition to the contrary are untrue. *Id.* at 1-2. Although Ms. Shifrin attaches more than 170 pages of Mr. Dupree's deposition testimony, she does not cite to a specific portion of such testimony in support of her argument. *See id.* The government responds that the petition provides sufficient grounds for issuing the subpoena. Docket No. 219 at 2-3.

The Court agrees with the government. For the reasons discussed above, the government has established that the information sought by the subpoena is relevant to assessing defendant's financial condition. Even assuming that Ms. Shifrin is the primary user of the 303-521-0666 number, by her own admission, defendant occasionally uses the number. Moreover, the mere fact that Ms. Shifrin may be the primary user of that number does not, by itself, render the information sought irrelevant to the question of whether defendant or his nominee have a financial interest in Movers.

*See Holman*, 505 F.3d at 1065.  Although the assertions contained in Ms. Shifrin's motion may have some superficial appeal, her failure to cite to the record would require the Court to parse more than 170 pages of documents in search of support for such assertions – a task which is not incumbent upon the Court.  Thus, Ms. Shifrin's motion to quash will be denied.

For the foregoing reasons, it is

**ORDERED** that defendant's Motion to Quash [Docket No. 215] and Ms. Shifrin's Motion to Quash [Docket No. 218] are **DENIED**.

DATED July 2, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge